Metaverse, LLC
Eduardo Jaramillo
3327 Hope Street
Huntington Park, CA 90255-6211
Tel: (323) 621-9754
Defendant in Pro Per

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAWANA JEFFER WILLIAMS,<br><br>  Plaintiff,<br><br>   vs.<br><br><br>METAVERSE, LLC<br><br>  Defendant, | Case No.: 1:24-cv-03304-LLA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES** |

/ / /

/ / /

/ / /

RECEIVED
Mail Room

MAR 3 1 2025

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

---

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION
-1-

TO PLAINTIFF, KAWANA JEFFER WILLIAMS: :

PLEASE TAKE NOTICE that on March 28, 2025 in the above-entitled Court located in the District of Columbia, Defendant, EDUARDO JARAMILLO, SOLE PROPRIETOR OF METAVERSE LLC, will move this court for an Order dismissing the complaint.

This motion will be made on the grounds of lack of personal jurisdiction under the provisions of *Federal Rule of Civil Procedure 12(b)(2)* in that Defendant Metaverse LLC is not a resident of, and does not conduct business in the District of Columbia, the State of Virginia, or the State of Maryland.

The Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the attached declaration of Eduardo Jaramillo, the complete files and records of this action and such other evidence as may be present at the hearing on this Motion.

Dated: 3/28/2025     Signature: *Eduardo Jaramillo*

Eduardo Jaramillo, Defendant in *Pro Per*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

Defendant contends that the complaint should be dismissed pursuant to the provisions of *Federal Rule of Civil Procedure* 12(b)(2) for lack of personal jurisdiction in that Defendant Metaverse, LLC is not a resident of, and does not conduct business in, the District of Columbia, the State of Virginia or the State of Maryland and has no substantial contacts with the State of the

District of Columbia, the State of Virginia or the State of Maryland as shown by the declaration of Eduardo Jaramillo, the sole proprietor of Metaverse, LLC.

The Defendant Metaverse LLC is a business registered and listed with the State of California since October 19, 2021 and it is listed as an LLC that provides computer system design, tech services, and computer software development. The Defendant Metaverse LLC, has its business address listed at 3327 Hope Street, Huntington Park, CA 90255. Defendant's management structure is composed of a singular manager, Mr. Eduardo Jaramillo. To date, the Metaverse LLC's singular manager is also its sole employee. Although Metaverse LLC is listed as an LLC that provides computer system design, tech services, and computer software development, it does not conduct any commercial business or transactions with the public. Meteverse LLC does not conduct any commercial business in the District of Columbia or any other state or territory of the United States. Metaverse LLC is a newly founded company that aspires to one day engage in commercial and business transactions.

Defendant Metaverse LLC does not have any business ties nor does it engage in business transactions with Meta Platforms, Facebook, Instagram or any social media platforms. Metaverse LLC does not engage in any type of surveillance nor does it store or track individuals' date or personal information.

Eduardo Jaramillo, the sole proprietor for Metaverse LLC, spoke with the plaintiff over the phone on March 25, 2025 and explained to the plaintiff that she was bringing this claim against the wrong business. Plaintiff recognized her mistake and confirmed that she was trying to file a claim against Facebook also known as Meta Platforms. The Defendant told Plaintiff that he would be seeking dismissal because he is an incorrect party to this claim.

II.

Legal Argument

A. THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO MEET THEIR BURDEN OF SHOWING THAT JURISDICTION IS PROPER

Defendant contends that the complaint should be dismissed pursuant to the provisions of *Federal Rule of Civil Procedure* 12(b)(2) for lack of personal jurisdiction as Plaintiff has failed to meet their burden of showing that jurisdiction is proper. Defendant Metaverse, LLC is not a resident of, and does not conduct business in the District of Columbia, the State of Virginia or the State of Maryland and has no substantial contacts with the District of Columbia, the State of Virginia or the State of Maryland as shown by the declaration of Eduardo Jaramillo, the sole proprietor of Metaverse, LLC.

Rule 12(b)(2) of the *Federal Rules of Civil Procedure* states in pertinent part that, "(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: 2) lack of personal jurisdiction."

"'Jurisdiction' refers to 'a court's adjudicatory authority.'"*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160 (2010) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004). "The term 'jurisdictional' properly applies only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." Id.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Rio Props., Inc. v. Rio Int'l Interlink* 284 F.3d 1007, 1019 (9th Cir. 2002). Where the motion is based on written materials

rather than on an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In such cases, a court need only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Id. Although the plaintiff cannot rest on the bare allegations of the complaint, uncontroverted allegations in the complaint must be taken as true. Id. "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id.

The complaint fails to make a prima facie showing of personal jurisdiction. Defendant Metaverse, LLC has never been a resident of the State of District of Columbia, the State of Virginia or the State of Maryland does not conduct business in, the District of Columbia, the State of Virginia or the State of Maryland and has no substantial contacts with the District of Columbia, the State of Virginia or the State of Maryland as shown by the declaration of Eduardo Jaramillo, the sole proprietor of Metaverse, LLC.

The Court's power to exercise personal jurisdiction over a non-resident defendant is limited by both the applicable state personal jurisdiction statute (long-arm statute) and the Due Process Clause. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). Thus, resolution depends upon the issue of due process. See *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

**B. DEFENDANT HAS NOT HAD SUFFICIENT MINIMUM CONTACTS WITH THE DISTRICT OF COLUMBIA, THE STATE OF VIRGINIA, OR THE STATE OF MARYLAND TO JUSTIFY THE EXERCISE OF EITHER GENERAL OR SPECIFIC JURISDICTION**

Defendant has not had sufficient minimum contacts with the District of Columbia, the State of Virginia or the State of Maryland. In order to justify the exercise of personal jurisdiction, whether that jurisdiction is general or specific jurisdiction. Due process requires that, in order for a non-resident defendant to be hauled into court, that defendant must have certain "minimum contacts" with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. See *Sher,* 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being hauled into court there.'" Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The focus is primarily on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. See *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414-15 (1984).

General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 447 (1952). To find specific jurisdiction, the Court looks to the three-part test as applied in Lake, 817 F.2d at 1420.

**General Jurisdiction**

General jurisdiction exists if Defendant's contacts with the District of Columbia, the State of Virginia or the State of Maryland are considered "continuous and systematic," *Helicopteros,* 466 U.S. at 416, and the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1391 (9th Cir. 1995). "The

standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citation and quotation marks omitted); see also *Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331* (9th Cir. 1984). Several factors to consider when determining general jurisdiction include: "whether defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc.*, 223 F. 3d. at 1086.

### Specific Jurisdiction

Plaintiff has failed to meet their burden of showing the circumstances necessary to justify the exercise of specific jurisdiction.

When specific jurisdiction is asserted, a three part test applies: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Lake v. Lake*, 817 F.2d 1416, 1422 (9th Cir. 1987). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher*, 911 F.2d at 1361. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz,*471 U.S.462-, 476-78 (1985).

Plaintiffs do not argue that general jurisdiction exists. Regardless, Plaintiffs' allegations do not establish sufficient forum-based contacts to permit a finding of general jurisdiction in any event.

Plaintiff must show that Defendant either purposefully availed itself of the privilege of conducting business in the forum or purposefully directed its activities toward the forum. *Schwarzenegger*, 374 F.3d at 802. "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." Id. (internal citations omitted).

Purposeful availment requires affirmative conduct which allows or promotes the transaction of business within the forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986).

Purposeful direction is evaluated under the three-part "effects" test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). The Ninth Circuit described Calder and its three-part test as follows: Calder stands for the proposition that purposeful availment is satisfied even by a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state." . . . [Under] Calder, the "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. See *Schwarzenegger*, 374 F.3d at 803 (citing Dole Food, 303 F.3d at 1111 (internal citations omitted).

Keeping in mind that not every "foreign act with foreseeable effects" in the forum state will support a finding of specific jurisdiction, *Dole Food Co.*, 303 F.3d at 1112 (citation omitted),

Defendant's alleged conduct will be contrasted against the Calder "effects" test to determine the appropriateness of finding jurisdiction here.

### III.

### Conclusion

For the foregoing reasons, Defendant requests that the Court grant their motion to dismiss for lack of personal jurisdiction under the provisions of *Federal Rule of Civil Procedure* 12(b)(2) in that Defendant Metaverse, LLC is not a resident of, and does not conduct business in, the District of Columbia, the State of Virginia or the State of Maryland and has no substantial contacts with the District of Columbia, the State of Virginia or the State of Maryland.

Dated: 3/28/2015     Signature: *Eduardo Jaramillo*

                                        Eduardo Jaramillo, Defendant in *Pro Per*

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION
-9-

**DECLARATION OF EDUARDO JARAMILLO, PROPRIETOR OF METAVERSE, LLC**

I, Eduardo Jaramillo, declare as follows:

1. I am over the age of 18 years and am the Defendant in the above-entitled action. I have personal knowledge of the matters set forth in this declaration, and if called as a witness could and would testify competently to the truth of the facts stated herein.

2. I make this declaration in support of my motion to dismiss the complaint for lack of personal jurisdiction under the provisions of *Federal Rule of Civil Procedure* 12(b)(2).

3. I am not, nor have I ever been, a resident of the District of Columbia, the State of Virginia or the State of Maryland.

4. I do not, nor have I ever, conducted business in the District of Columbia, the State of Virginia or the State of Maryland.

5. I have no substantial contacts with the District of Columbia, the State of Virginia or the State of Maryland.

6. The complaint does not allege that I have had sufficient contacts with the State of the District of Columbia, the State of Virginia or the State of Maryland. The complaint alleges that my only contact with the District of Columbia, the State of Virginia or the State of Maryland is via their Internet website. Plaintiffs do not allege that sales were made or solicited in the State of the District of Columbia, the State of Virginia or the State of Maryland nor do they allege that I hold a license, is incorporated in, or have an agent for service of process in the the District of Columbia, the State of Virginia or the State of Maryland.

7. Metaverse LLC is a business registered and listed with the State of California since October 19, 2021 and it is listed as an LLC that provides computer system design, tech services, and computer software development.

8. Metaverse LLC, has its business address listed at 3327 Hope Street, Huntington Park, CA 90255.

9. Defendant's management structure is composed of a singular manager, Mr. Eduardo Jaramillo and Metaverse LLC's singular manager is also its sole employee.

10. Although Metaverse LLC is listed as an LLC that provides computer system design, tech services, and computer software development, it does not conduct any commercial business or transactions with the public. Meteverse LLC does not conduct any commercial business in the District of Columbia or any other state or territory of the United States.

11. Defendant Metaverse LLC does not have any business ties nor does it engage in business transactions with Meta Platforms, Facebook, Instagram or any social media platforms.

12. Metaverse LLC does not engage in any type of surveillance nor does it store or track individuals' date or personal information.

13. Eduardo Jaramillo, the sole proprietor for Metaverse LLC, spoke with the plaintiff over the phone on March 25, 2025 and explained to the plaintiff that she was bringing this claim against the wrong business. Plaintiff recognized her mistake and confirmed that she was trying to file a claim against Facebook also known as Meta Platforms. The Defendant told Plaintiff that he would be seeking dismissal because he is an incorrect party to this claim.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: 3/28/2025            Defendant: *Eduardo Jaramillo*

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 409 N. Soto Street, Los Angeles CA 90033

On March 28, 2025, I served the foregoing document(s) described as:

<u>NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EDUARDO JARAMILLO</u> to the following parties:

**Kawana Jeffer Williams; 3030 30th Street, SE #301 Washington, DC 20020**

[X] (By U.S. Mail) I deposited such an envelope in the mail at Los Angeles, California with postage thereon fully prepaid. I am readily familiar with the practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATED: 3-28-2025           Manuel Rodrigues           /s/ Manuel R.
                            NAME OF PERSON SERVING PAPERS